IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

AVERY BERRY,

                **Plaintiff,**

v.

LATOYA HUGHES,
ANTHONY WILLS,
C/O WOOLEY, and
C/O DOTY,

                **Defendants.**

Case No. 25-cv-01798-SPM

# MEMORANDUM AND ORDER

**MCGLYNN, District Judge:**

Plaintiff Avery Berry, an inmate in the custody of the Illinois Department of Corrections (IDOC) who is currently incarcerated at Menard Correctional Center (Menard), brings this civil action pursuant to 42 U.S.C. §1983 for violations of his constitutional rights. The Complaint is now before the Court for preliminary review pursuant to 28 U.S.C. § 1915A. Under Section 1915A, any portion of a complaint that is legally frivolous, malicious, fails to state a claim upon which relief may be granted, or requests money damages from a defendant who by law is immune from such relief must be dismissed. *See* 28 U.S.C. § 1915A(b).

## THE COMPLAINT

Plaintiff alleges the following: While at Menard, in early 2025, Plaintiff spoke to Intel Officer Doty and requested protective custody status because his life was in danger. (Doc. 1, p. 8). Plaintiff was a member of a gang called the Latin Folks Nation and a "hit" had been placed on him for violating the gang's rules. (*Id.*). Doty told Plaintiff that he would have to be assaulted before he would be approved for protective custody because "his story wasn't adding up." (*Id.* at p. 9).

Page 1 of 7

Plaintiff informed Doty that now that he had requested protective custody, he could not return to general population because requesting protective custody itself was against gang rules placing him in further danger from members of the Latin Folks Nation. Doty recommended that Plaintiff's protective custody request be denied. The denial recommendation was agreed to by Warden Wills and Director Hughes. (*Id.*).

On March 27, 2025, while on the recreational yard, Plaintiff spoke to Correctional Officer Wooley, who was stationed in the security tower, and asked to be removed from the yard. (Doc. 1, p. 6). Plaintiff informed Wooley that he was about to be assaulted by other inmates and requested that Wooley notify the yard lieutenant. Wooley told Plaintiff that she cannot authorize him to leave the yard and that he should not have come to yard if he was in fear of his safety. (*Id.*).

Shortly after speaking to Wooley, Plaintiff was attacked by two inmates. (Doc. 1, p. 6-7). Plaintiff ran to the tower and told Wooley that he had just been assaulted. Wooley replied that she did not see any blood "so it couldn't have been that bad." (*Id.* at p. 7). Plaintiff then stayed by the security tower for the remainder of his time in the yard. (*Id.*).

Once yard ended, Plaintiff was assaulted again by the same two inmates. (Doc. 1, p. 7). The inmates walked up to Plaintiff and began "striking" him. Wooley did not fire a warning shot or make any effort to stop the physical assault. A warning shot was not fired until after Plaintiff began defending himself. The altercation was then broken up by the "emergency response team." Plaintiff was taken to segregation and issued a disciplinary ticket for fighting. (*Id.*).

### PRELIMINARY DISMISSAL

The Court dismisses any claims Plaintiff is bringing against Defendants in their official capacities. In addition to suing Defendants Wooley, Wills, and Doty in their individual capacities, Plaintiff states that he is suing all Defendants in their official capacities. (Doc. 1, p. 10). Plaintiff, however, is seeking only monetary damages, and state officials named in their official capacities

may not be sued for monetary damages in federal court. *See Will v. Mich. Dep't of State Police*, 491 U.S. 58, 71 (1989); *Wynn v. Southward*, 251 F.3d 588, 592 (7th Cir. 2001). All official capacity claims are therefore dismissed with prejudice. Because Director Latoya Hughes is named as a defendant only in her official capacity, all claims against her are dismissed.

**DISCUSSION**

Based on Plaintiff's allegations and his articulation of his claims, the Court designates the following count:

> **Count 1:**     Eighth Amendment failure to protect claim against Wills, Wooley, and Doty.

The parties and the Court will use this designation in all future pleadings and orders, unless otherwise directed by a judicial officer of this Court. **Any other claim that is mentioned in the Complaint but not addressed in this Order should be considered dismissed without prejudice as inadequately pled under the *Twombly[1]* pleading standard.**

To state a claim for failure to protect, a plaintiff must first demonstrate, objectively, that he is "incarcerated under conditions posing a substantial risk of serious harm." *Farmer v. Brennan,* 511 U.S. 825, 834 (1994). Second, the prison official must have actual knowledge of the specific risk to the inmate and then failed to act to prevent the harm. *Id.* The plaintiff must allege more than "a generalized risk of violence…for prisons are inherently dangerous places." *Wilson v. Ryker,* 451 F. App'x 588, 589 (7th Cir. 2011) (internal citations and quotations omitted). Instead, a plaintiff "must allege a tangible threat to his safety or well-being" and "a substantial risk of future harm." *Id.*

Plaintiff has pled sufficient facts for Count 1 to proceed against Intel Officer Doty and Correctional Officer Wooley.

---

[1] *Bell Atlantic Corp. v. Twombly,* 550 U.S. 544, 570 (2007).

Count 1, however, will be dismissed as to Warden Wills. Plaintiff's assertions against Wills are too vague to support a valid claim. He asserts that Wills "agreed to the subordinate's recommendations." (Doc. 1, p. 9). Based on this statement, the Court can presume at most that Wills was aware that Plaintiff had requested protective custody. There are no facts, however, suggesting that Wills knew of a specific danger to Plaintiff's safety that was easily preventable, which would allow the inference that by affirming the denial of the protective custody request Wills acted with a "conscious, culpable refusal to prevent the harm." *Santiago v. Wells,* 749 F. 3d 749, 756 (7th Cir. 2010). Because Plaintiff has failed to plead facts establishing that Wills had actual knowledge of an impending harm, he has failed to state a failure to protect claim against Wills based on the act of affirming the denial of the protective custody request. *See Brown v. Budz,* 398 F.3d 904, 913 (7th Cir. 2005) (a failure to protect claim cannot be predicated "merely on knowledge of general risks of violence in a detention facility").

Plaintiff's attempt to hold Wills liable for a constitutional deprivation based on unconstitutional policies and practices that lead to Plaintiff being attacked on March 27, 2025, also fails. Plaintiff asserts that Wills has "authorized and encouraged a systematic institutional denial of protective custody requests," and has "authorized his Intel Unit to deny requests for protective custody unless prisoners can prove that an attack on their lives is in imminent danger." (Doc. 1, p. 9). As to Plaintiff's first assertion that Wills has authorized and encouraged systematic denials of protective custody requests, this statement is conclusory and not supported by any facts in the Complaint.

As to the second assertion that Wills directs officers to deny requests for protective custody unless the prisoner can prove that an attack is imminent, this policy or practice did not impact Plaintiff. Plaintiff asserts that Intel Officer Doty recommended that his protective custody request be denied because Plaintiff's story "wasn't adding up," implying that Plaintiff's assertions

themselves were confusing or did not make sense. There are no facts from which the Court can plausibly infer that Doty recommended that Plaintiff's protective custody request be denied because Doty was following an institutional policy. Accordingly, Plaintiff's Eighth Amendment claim against Warden Wills for implementation of unconstitutional policies and practices is dismissed.

### DISPOSITION

For the reasons stated above, the Complaint survives preliminary review pursuant to Section 1915A. **COUNT 1** shall proceed against Wooley and Doty and is **DISMISSED without prejudice** against Wills. Because there are no surviving claims against Hughes and Wills, the Clerk of Court shall **TERMINATE** them as defendants on the docket.

The Clerk of Court shall prepare for Wooley and Doty the following: (1) Form 5 (Notice of a Lawsuit and Request to Waive Service of a Summons), and (2) Form 6 (Waiver of Service of Summons). The Clerk is **DIRECTED** to mail these forms, a copy of the Complaint, and this Memorandum and Order to Defendant's place of employment as identified by Plaintiff. If a Defendant fails to sign and return the Waiver of Service of Summons (Form 6) to the Clerk within 30 days from the date the forms were sent, the Clerk shall take appropriate steps to effect formal service on the Defendant, and the Court will require the Defendant to pay the full costs of formal service, to the extent authorized by the Federal Rules of Civil Procedure.

If a Defendant cannot be found at the work address provided by Plaintiff, the employer shall furnish the Clerk with the Defendants' current work address, or, if not known, his last known address. This information shall be used only for sending the forms as directed above or for formally effecting service. Any documentation of the address shall be retained only by the Clerk. Address information shall not be maintained in the court file or disclosed by the Clerk.

Because this suit includes allegations of physical injury, the Clerk of Court is **DIRECTED**

to enter the standard qualified protective order pursuant to the Health Insurance Portability and Accountability Act.

**Pursuant to Administrative Order No. 244, Defendants need only to respond to the issues stated in this Merit Review Order.**

Finally, Plaintiff is **ADVISED** that he is under a continuing obligation to keep the Clerk of Court and each opposing party informed of any change in his address; the Court will not independently investigate his whereabouts. This shall be done in writing and not later than **14 days** after a transfer or other change in address occurs. Failure to comply with this order will cause a delay in the transmission of court documents and may result in dismissal of this action for want of prosecution. *See* FED. R. CIV. P. 41(b).

**IT IS SO ORDERED.**

**DATED: January 20, 2026**

    *s/Stephen P. McGlynn*
**STEPHEN P. MCGLYNN**
**United States District Judge**

**NOTICE TO PLAINTIFF**

The Court will take the necessary steps to notify the appropriate defendants of your lawsuit and serve them with a copy of your complaint. After service has been achieved, the defendants will enter their appearance and file an Answer to the complaint. It will likely take at least **60 days** from the date of this Order to receive the defendants' Answers, but it is entirely possible that it will take **90 days or more**. When all of the defendants have filed Answers, the Court will enter a Scheduling Order containing important information on deadlines, discovery, and procedures. Plaintiff is advised to wait until counsel has appeared for the defendants before filing any motions, to give the defendants notice and an opportunity to respond to those motions. Motions filed before defendants' counsel has filed an appearance will generally be denied as premature. Plaintiff need not submit any evidence to the Court at this time, unless otherwise directed by the Court.